UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03399-HDV-DTB | Date | August 25, 2026 |
| Title | *Catalina Velazquez-Tzep v. Todd M. Lyons, et al.* | | |

| | |
|---|---|
| Present: The Honorable | Hernán D. Vera, United States District Judge |

| | |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

Petitioner Catalina Velazquez-Tzep ("Petitioner") filed a Petition for Writ of Habeas Corpus on June 18, 2026 ("Petition"). [Dkt. 1]. On the same date, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("Application"). [Dkt. 2]. In her Application, Petitioner requests that the Court immediately order her release from immigration detention on her existing release conditions or on conditions directed by the Court. *Id.* at 18. On June 18, this Court issued an order maintaining the status quo, setting a schedule for an opposition and a hearing, and construing the Application as a request for Preliminary Injunction. Order Enjoining transfer Out of District and Setting Briefing Schedule ("Stay-Put Order") [Dkt. 9]. Respondents filed an opposition to the Application on June 24, 2026 ("Opposition"). [Dkt. 14].

Petitioner is a native and citizen of Guatemala who came to the United States with her son in November 2017. Application at 2. Petitioner was placed into removal proceedings and filed for withholding of removal based on her putative asylum claim and under the Convention Against Torture. On May 8, 2023, an immigration judge denied Petitioner asylum, denied deferral of removal under the Convention Against Torture, and entered an order for Petitioner's removal from the United States to Guatemala. Opposition, Ex. 3, Removal Order [Dkt. 1-3]. Petitioner filed an appeal of the removal order before the Board of Immigration Appeals ("BIA"), which was ultimately denied on April 28, 2026. *Id.*, Ex. 4, BIA Decision [Dkt. 1-4].

The BIA's denial of Petitioner's appeal made her order of removal administratively final and began the 90-day statutory period of detention to effectuate the removal. *See* 8 U.S.C. § 1231. On June 9, 2026, ICE took Petitioner into custody to effectuate her removal. Warrant

of Removal [Dkt. 14-2].

Because Petitioner has been detained within this 90-day window in accordance with a now-final order of removal, and because her two-month detention does not yet meet the presumptive standard set forth in *Zadvydas*,[1] the Court cannot find any constitutional or regulatory violation sufficient to grant the relief requested. The Application is therefore denied. The Court's Stay-Put Order [Dkt. 9] is discharged.

The parties are ordered to meet and confer regarding whether the Petition may be resolved and judgment entered for the same reasons as those articulated in this order. Within 10 days of this Order, the parties are ordered to either file a joint proposed order and judgment, or a statement of the issues that remain to be evaluated. The remainder of this case is referred to Judge Bristow.

Respondents are ordered to disseminate this Order to the immigration agents in charge of processing Petitioner, to place a copy of this Order in the Petitioner's A-File (A213-121-349), and to personally serve Petitioner with this Order.

**IT IS SO ORDERED.**

[1] *Zadvydas v. Davis*, 533 U.S. 678, 701, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001).